IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HECTOR LOPEZ, | ) | No. C 13-0173 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |
| v. | ) ) | |
| D. SPURGEON, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint against Pelican Bay State Prison officials pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons below, the court dismisses the complaint in part, and orders service upon defendants.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

B.    Legal Claim

Plaintiff states that, on August 29, 2010, his earphones were broken because of a flood that occurred in the cells. Plaintiff filed a 602 to replace his earphones. On October 20, 2010, defendants Spurgeon and Clotta woke plaintiff up and placed him in holding cell. Spurgeon said that because plaintiff filed a 602, he was wasting defendants' time, and they were going to thoroughly search his cell. Spurgeon allowed plaintiff to select a new pair of earphones. Spurgeon went to test the earphones on plaintiff's television to make sure they worked properly. Once Spurgeon tested the earphones, Spurgeon left. After another 15 minutes, Clotta finished searching plaintiff's cell. Plaintiff returned to his cell and discovered that it had been ransacked. Plaintiff complained to Clotta, who apologized for the state of the cell. As plaintiff cleaned and re-organized his cell, he discovered that a button on his television was missing.

Plaintiff filed a 602 complaining about Spurgeon or Clotta breaking his television. On October 21, 2010, defendant Traylor removed plaintiff from his cell and placed him in the shower. When asked why, Traylor told plaintiff that it was "because you filed a liability 602 against my staff yesterday. Sergeant Spurgeon requested that your cell be searched again and I confiscate your television." Traylor searched plaintiff's cell, and walked out with plaintiff's television.

Plaintiff filed another 602 complaining about being retaliated against for filing administrative appeals. The next day, plaintiff was issued a property disapproval form stating that he could not possess the art book entitled, "Hellbound."

Liberally construed, Plaintiff's complaint states a cognizable claim that defendants Clotta, Spurgeon, and Traylor retaliated against him, and exhibited cruel and unusual punishment when they maliciously searched his cell.

Plaintiff has also stated a cognizable claim that his right to access publications has been violated; however, plaintiff has not linked this allegation with any particular defendant. Thus, the access to publications claim is DISMISSED with leave to amend to specify which defendant

1  or defendants were the cause of this violation.

2  To the extent plaintiff alleges that defendants Traylor, C.M. Patten, K.L. McGuyer, T.
3  Woods, and G.D Lewis violated his constitutional rights by denying his administrative appeals,
4  that claim is dismissed.  There is no constitutional right to a prison administrative appeal or
5  grievance system.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams,
6  855 F.2d 639, 640 (9th Cir. 1988).

7  To the extent plaintiff claims that defendants Spurgeon and Clotta intentionally or
8  negligently destroyed his television, that claim is dismissed.  Neither the negligent nor
9  intentional deprivation of property states a due process claim under § 1983 if the deprivation was
10 random and unauthorized, however.  See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state
11 employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v.
12 Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional
13 destruction of inmate's property).  The availability of an adequate state post-deprivation remedy,
14 e.g., a state tort action, precludes relief because it provides sufficient procedural due process.
15 See Zinermon v. Burch, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore
16 provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing
17 or common law tort remedy for erroneous deprivation satisfies due process).  California law
18 provides such an adequate post-deprivation remedy.  See Barnett v. Centoni, 31 F.3d 813, 816-
19 17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

## CONCLUSION

21 For the foregoing reasons, the Court orders as follows:

22 1.  Defendants C.M. Patten, K.L. McGuyer, T. Woods, and G.D. Lewis are
23 DISMISSED without prejudice.  Plaintiff's access to publications claim is DISMISSED with
24 leave to amend.

25 2.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of
26 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
27 and all attachments thereto (docket no. 1), and a copy of this Order to **Correctional Officer H.**

28

1 **Clotta, Correctional Sgt. D. Spurgeon, and Correctional Sgt. M. Traylor** at **PBSP.** The Clerk of the Court shall also mail a courtesy copy of the complaint and a copy of this Order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to plaintiff.

3. If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-0173 RMW (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in the court proceeding with only the retaliation and cruel and unusual punishment claims.**

4. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause is shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required

to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

   a. If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

7. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

8. Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

9. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

10. All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

11. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

12. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HECTOR LOPEZ,

        Plaintiff,

  v.

D. SPURGEON et al,

        Defendant.

Case Number: CV13-00173 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 13, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hector Lopez V00109
Post office 7500
Crescent City, CA 95531

Dated: May 13, 2013

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk