IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HECTOR LOPEZ, | ) | No. C 13-0173 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; DIRECTING |
| | ) | DEFENDANTS TO FILE |
| v. | ) | DISPOSITIVE MOTION OR |
| | ) | NOTICE REGARDING SUCH |
| D. SPURGEON, et al., | ) | MOTION |
| | ) | |
| Defendants. | ) | (Docket No. 13) |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint against Pelican Bay State Prison officials pursuant to 42 U.S.C. § 1983. For the reasons below, the court dismisses the complaint in part, and orders service upon defendants.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion to Notice Regarding Such Motion
G:\PRO-SE\RMW\CR.13\Lopez173srv2.wpd

B. <u>Legal Claims</u>

Plaintiff states that, on August 29, 2010, he filed a grievance because his earphones were broken due to a flood that occurred in the cells. Plaintiff requested that his earphones be replaced. On October 20, 2010, defendants Spurgeon and Clotta woke plaintiff up and placed him in holding cell. Spurgeon said that because plaintiff filed a 602, he was wasting defendants' time, and they were going to thoroughly search his cell. Spurgeon offered plaintiff a new pair of earphones if plaintiff would withdraw his grievance. Plaintiff agreed. Thereafter, Spurgeon allowed plaintiff to select a new pair of earphones. Spurgeon went to test the earphones on plaintiff's television to make sure they worked properly. Once Spurgeon tested the earphones, Spurgeon left. After another 15 minutes, Clotta finished searching plaintiff's cell. Plaintiff returned to his cell and discovered that it had been ransacked. Plaintiff complained to Clotta, who apologized for the state of the cell. As plaintiff cleaned and re-organized his cell, he discovered that a button on his television was missing.

Plaintiff then filed a 602 complaining about Spurgeon or Clotta breaking his television. On October 21, 2010, defendant Traylor removed plaintiff from his cell and placed him in the shower. When asked why, Traylor told plaintiff that it was because plaintiff had filed a 602 and Sergeant Spurgeon requested that Traylor confiscate plaintiff's television. Traylor searched plaintiff's cell, and walked out with plaintiff's television.

Plaintiff filed another 602 complaining about being retaliated against for filing administrative appeals. A few weeks later, Spurgeon told plaintiff that he was denying plaintiff's appeal and warned plaintiff that if he filed one more grievance against them, they were "going to come take all of [plaintiff's] property and lose all of [plaintiff's] shit."

Liberally construed, Plaintiff's complaint states a cognizable claim that defendants Clotta, Spurgeon, and Traylor retaliated against him, and exhibited cruel and unusual punishment when they maliciously searched his cell. Plaintiff's unsupported allegation of an equal protection violation is DISMISSED without leave to amend.

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion to Notice Regarding Such Motion
G:\PRO-SE\RMW\CR.13\Lopez173srv2.wpd        2

**CONCLUSION**

For the foregoing reasons, the court orders as follows:

1. The court's briefing schedule, issued May 13, 2013, is VACATED. Defendants' motion to screen plaintiff's amended complaint is GRANTED.

2. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the amended complaint.

    a. If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

4. Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6. All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants'

1 counsel.

2     7. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
3 and all parties informed of any change of address and must comply with the court's orders in a
4 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
5 pursuant to Federal Rule of Civil Procedure 41(b).

6     IT IS SO ORDERED.
7 DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HECTOR LOPEZ,

        Plaintiff,

  v.

D. SPURGEON et al,

        Defendant.

Case Number: CV13-00173 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 23, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hector Lopez V00109
C10-119
Post office 7500
Crescent City, CA 95531

Dated: October 23, 2013

                              Richard W. Wieking, Clerk
                              By: Jackie Lynn Garcia, Deputy Clerk