1

2      E-FILED on   11/27/13

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

HECTOR LOPEZ,                          )    No. C 13-0173 RMW (PR)
11                                         )
                   Plaintiff,            )    ORDER GRANTING PLAINTIFF'S
12                                         )    REQUEST TO SERVE DEFENDANT
       v.                                )    D. HALE
13                                         )
D. SPURGEON, et al.,                   )
14                                         )
                   Defendants.           )
15  _____)

16          Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint

17  against Pelican Bay State Prison ("PBSP") officials pursuant to 42 U.S.C. § 1983.  On October

18  23, 2013, the court ordered a partial dismissal of plaintiff's complaint, and ordered service upon

19  the named defendants.  (Docket No. 21.)  Office Technician L. Padon of the Litigation office at

20  PBSP, had previously informed the court that he was "unable to identify H. Clotta as ever

21  working at Pelican Bay State Prison."  (Docket No. 9.)  In response to the court's order directing

22  plaintiff to provide the court with more information to help identify and serve defendant H.

23  Clotta, (docket no. 12), plaintiff filed a declaration stating that he was notified by defendants that

24  defendant H. Clotta's accurate name is D. Hale.  (Docket No. 19.)  Plaintiff requests the court to

25  serve the amended complaint upon D. Hale, a correctional officer employed at PBSP, not H.

26  Clotta.  Plaintiff's request is **GRANTED**.

27  //

28  //

Order Granting Pl. Request to Serve D. Hale
G:\PRO-SE\RMW\CR.13\Lopez173srv-DHale.wpd

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     The clerk of the court shall mail a notice of lawsuit and request for waiver of service of summons, two copies of the waiver of service of summons, a copy of the amended complaint and all attachments thereto (docket no. 10), and a copy of the court's order dated October 23, 2013 order (docket no. 21), and a copy of this order to **Correctional Officer D. Hale** at **PBSP.**  The clerk of the court shall also mail a courtesy copy of this order to the California Attorney General's Office.  Additionally, the clerk shall mail a copy of this order to plaintiff.

2.     The clerk of the court is directed to substitute defendant D. Hale for defendant H. Clotta.

3.     Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, he will be required to bear the cost of such service unless good cause is shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendant is asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the notice but before defendant has been personally served, the answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

4.     No later than **ninety (90) days** from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim

in the amended complaint.

        a.    If defendant elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

        b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.</u>**

    5.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).

    6.    Defendant shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

    7.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    8.    All communications by the plaintiff with the court must be served on defendant or defendant's counsel, by mailing a true copy of the document to defendant or defendant's counsel.

    9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

    IT IS SO ORDERED.

DATED: _____

RONALD M. WHYTE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HECTOR LOPEZ,

                  Plaintiff,

  v.

D. SPURGEON et al,

                  Defendant.

_____/

Case Number: CV13-00173 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 27, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hector Lopez V00109
C10-119
Post office 7500
Crescent City, CA 95531

Dated: November 27, 2013

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk